# Exhibit F

This Opinion is Not a Precedent of the TTAB

Mailed: April 15, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

*FremantleMedia North America, Inc.*
*v.*
*Kids Got Talent*

Opposition No. 91275600

On Reconsideration

Michael J. Salvatore, Steven M. Weinberg and Eric S. Fram of Holmes Weinberg, PC for FremantleMedia North America, Inc.

Kids Got Talent, pro se.

Before Lykos, Thurmon and Allard,
Administrative Trademark Judges.

Opinion by Lykos, Administrative Trademark Judge:

On November 6, 2024, the Board issued a final decision sustaining the opposition as to FremantleMedia North America, Inc.'s ("Opposer" ) Trademark Act Section 2(d), 15 U.S.C. § 1052(d), claim against Kids Got Talent's ("Applicant" ) Application Serial No. 90576410. Applicant sought to register the composite mark displayed below for

"Conducting entertainment exhibitions in the nature of a national talent showcase and television show production featuring dancers, artists, models, acrobats, poets, bands, celebrities, and musicians" in International Class 41:[1]

The Board found that Opposer established prior common law rights in the mark reprinted below

in connection with "a reality television talent contest featuring singers, dancers, magicians, comedians, and other performers of all ages, including kids who compete for a prize by performing in front of four judges through multiple rounds of

[1] The application was filed on March 12, 2021, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), alleging April 16, 2016 as the date of first use anywhere and in commerce. The description of the mark is as follows: " The mark consists of the phrase 'KIDS GOT TALENT' with the word 'KIDS' in red with a black outline, the word 'GOT' is in blue with a black outline, the word 'TALENT' is in black with a yellow and blue outline, and a yellow star outlined in blue is located behind the word 'GOT.'" The colors red, blue, black and yellow are claimed as a features of the mark.

eliminations."[2] The Board also found that Applicant's mark was likely to cause confusion with Opposer's previously used common law mark because the first through fifth *DuPont* factors each weighed in favor of a likelihood of confusion with the sixth factor deemed neutral.

This case now comes before the Board for consideration of Applicant's request for reconsideration of the Board's final decision pursuant to Trademark Rule 2.129(c), 37 C.F.R. § 2.129(c).

## I. Applicant's Failure to Serve its Request for Reconsideration

Applicant timely filed its request for reconsideration with the Board on December 6, 2024,[3] but failed to serve the request on counsel for Opposer as required under Trademark Rule 2.119(a), 37 C.F.R. § 2.119(a). Opposer learned of Applicant's motion on January 6, 2025 when doing a routine docket check.[4] Opposer then filed a responsive brief to Applicant's request on January 23, 2025, and served its brief on Applicant that same day.[5] Over one month later, on February 24, 2025, Applicant filed a submission with the Board which we construe as a reply brief in support of its request for reconsideration. As with Applicant's initial request for reconsideration, this submission does not show proof of service on counsel for Opposer.

---

[2] Final Decision, 42 TTABVUE 17.

[3] Trademark Rule 2.129(c) states in relevant part that "[a]ny request for rehearing or reconsideration or modification of a decision issued after final hearing must be filed within one month from the date of the decision."

[4] Opposer's Response to Applicant's Request for Reconsideration, 44 TTABVUE 7.

[5] The adverse party is not required to file a brief in response to a request for reconsideration. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 543 (2024).

It is not the Board's practice to deny consideration of a timely motion even if it is filed without service, or proper proof of service. Because Opposer learned of Applicant's request for reconsideration (albeit by happenstance) and filed a responsive brief, there is no need to require Applicant to effectuate proper service as a prerequisite to consideration of Applicant's request. In view of these circumstances, the Board exercises its discretion to consider Applicant's request for reconsideration on its merits. We will not consider, however, Applicant's late-filed reply brief. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a) ("The time for filing a reply brief [on a motion] will not be extended or reopened.").

## II. Request for Reconsideration

Applicant challenges the Board's final decision by arguing that its mark "Kids Got Talent uniquely distinguishes itself due to its distinct target demographic, specifically focusing on a kids showcase featuring singing, dancing, modeling, spoken word poetry, and other entertainment services."[6] Applicant argues the following:[7]

> 1. Distinctive Element: Unlike generic terms, "Kids Got Talent" represents a unique branding initiative targeting a specific segment within the entertainment industry focused on juvenile performances and talent showcases. The mark functions as an identifier of origin, distinguishing the services from other talent shows not exclusively dedicated to children.
>
> 2. Lack of Confusion and Prior Use: It is both unjust and inequitable to restrict our established usage of the name 'Kids Got Talent,' which predates any subsequent claims or usage by others, including 'America's Got Talent.' After conducting a thorough search and analysis, no registered

---

[6] 43 TTABVUE 2.

[7] 43 TTABVUE 2-3.

> trademark or common law usage matches the specificity and distinctiveness of 'Kids Got Talent' aimed at a young audience. Notably, America's Got Talent commenced using the name 'Kids Got Talent' two years after we had firmly established our brand, thereby demonstrating our prior and senior use.
>
> 3. Market Evidence: Evidence accompanying this letter demonstrates the continuous goodwill and recognition associated with "Kids Got Talent" within its niche market. Testimonials from consumers and public recognition exhibit the distinct association of the mark with high-quality juvenile talent showcases, thereby reinforcing its non-descriptive nature.
>
> 4. Legal Precedents: I would also like to draw attention to analogous cases where similar phrases have been granted registration because the marks successfully created a distinct commercial impression. The attached legal precedents support the argument for "Kids Got Talent" as a registrable mark. Examples of trademarks with similar names include: "Magnavox" vs "Multivox" (both in electronics), "Hpnotiq" (liqueur) vs " Hopnotic" (beer), "Mr. Clean" vs "Mr. Rust" (both cleaning products), "Canya" (soft drinks) vs "Cana" (fruit juices), and "Seycos" (watches) vs "Seiko" (watches and clocks), where the similarity in sound or appearance could lead to consumer confusion regarding the source of the product.

Applicant embedded in its request for reconsideration (1) screenshots of excerpts from both parties' YouTube® channels and Google® search results; (2) screenshots of Applicant's mark as it appears on websites, billboards and Instagram posts; (3) hyperlinks to posts on Applicant's Instagram page; and (4) screenshots of "promotional materials" from Xtreme Talent and Xtreme Dance Company.[8]

The premise underlying a request for reconsideration of a Board final decision in an inter partes proceeding is that

[8] 42 TTABVUE 3-5.

> based on the evidence of record and the prevailing authorities, the Board erred in reaching the decision it issued. The request may not be used to introduce additional evidence, nor should it be devoted simply to a reargument of the points presented in the requesting party's brief on the case. Rather, the request normally should be limited to a demonstration that, based on the evidence properly of record and the applicable law, the Board's ruling is in error and requires appropriate change.

TBMP § 543. For these reasons, the Board will not consider any of the new evidence submitted with Applicant's request.

We also stand by our evidentiary rulings to the extent Applicant now seeks to introduce evidence that was excluded. For example, the Board sustained Opposer's objection to evidence purportedly introduced via web hyperlinks in Paragraph Nos. 12-13, 22-25 embedded in the Testimony Declaration of Applicant's President, Sky Coffee.[9] The Board explained that providing only a web address or a hyperlink without the website printout along with the access date and URL is insufficient to make the evidence of record under Trademark Rule 2.122(e), 37 C.F.R. § 2.122(e).[10]

We further find that the Board made no error in its determination. Below we address each of Applicant's arguments:

> 1. We agree with Applicant that its applied for mark is not generic and functions as a source indicator to identify talent shows dedicated to children. But that fact does not obviate a likelihood of confusion based on the Board findings that overall, the parties' marks are similar in sound, appearance, connotation and commercial impression; the services are in-part identical; the trade channels and classes of consumers overlap as to those identical services; Opposer's common law mark

[9] Final Decision, 42 TTABVUE 6.

[10] *Id.*

> AMERICA'S GOT TALENT enjoys a high degree of fame/commercial strength thereby affording the mark a broad scope of protection; and members of the general public seeking to watch talent shows on network television are likely to make such decisions on impulse.
>
> 2. The Board found priority not based on Opposer's use of its common law mark "Kids Got Talent," but rather on its common law use of its mark "America's Got Talent."
>
> 3. The distinctiveness of Applicant's mark was not at issue; what was at issue was Opposer's Section 2(d) claim.
>
> 4. Applicant's citation to purported legal precedents where no likelihood of confusion was found involving completely different marks has no bearing here. Each case must be decided on its own record.

The Board therefore denies Applicant's request for reconsideration.

Applicant is reminded that it cannot file a subsequent request for reconsideration with the Board. *See* TBMP § 543.